UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS MACARTHUR GUILE,

        Petitioner,        Case No. 1:14-cv-881

v.        Honorable Janet T. Neff

CARMEN PALMER,

        Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner, who is represented by counsel in this action, currently is incarcerated at the Michigan Reformatory. The petition concerns Petitioner's September 20, 2009 misconduct conviction for sexually assaulting another prisoner. Petitioner sought a rehearing but was denied by the Hearings Administrative Division on November 23, 2009. Petitioner filed a petition for judicial review in the state circuit court on January 28, 2010. The court dismissed the petition on February 22, 2010 because it was filed more than 60 days after the decision by the Hearings Administrative Division. More than two years later, Petitioner filed a civil rights action in this Court asserting violations of the Fourteenth Amendment Due Process and Equal Protection Clauses and the Eighth Amendment arising from the misconduct conviction. *See Guile v. Ball*, 1:12-cv-444 (W.D. Mich.). In an opinion and order issued on May 29, 2012, this Court dismissed Petitioner's action for failure to state a claim.[1] Petitioner then appealed the matter to the Sixth Circuit, which affirmed this Court's decision in an opinion issued on April 17, 2013. *See Guile v. Ball*, 521 F. App'x 542 (6th Cir. 2013).

In the instant petition, Petitioner contends that his due process rights were violated in the misconduct proceedings. As a result of his conviction, Petitioner alleges that he was labeled a sexual predator and was transferred from a security Level II facility to a Level V facility.[2]

---

[1] In his supporting brief (docket #1-1), Petitioner relies upon the statement of fact provided in the Court's May 29, 2012 opinion in Case No. 1:12-cv-444.

[2] Under Michigan Department of Corrections policy, a prisoner that is found guilty of sexually assaulting another prisoner must be placed in single-cell housing in a Level IV or V facility, unless the Warden believes that such placement is not necessary and the Operations Division Administrator or designee approves alternative placement. Policy Directive (PD) 03.03.140, ¶ GG (Eff. December 29, 2010). The placement is subject to periodic reviews by the Security Classification Committee and the Operations Division Administrator. *Id.* at ¶ HH.

**Discussion**

Petitioner claims that he was falsely accused of sexually assaulting another prisoner and was denied a fair misconduct hearing in violation of his due process rights. A prisoner's ability to challenge a prison misconduct conviction depends on whether the convictions implicated any liberty interest. In the seminal case in this area, *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Court prescribed certain minimal procedural safeguards that prison officials must follow before depriving a prisoner of good-time credits on account of alleged misbehavior. The *Wolff* Court did not create a free-floating right to process that attaches to all prison disciplinary proceedings; rather the right to process arises only when the prisoner faces a loss of liberty, in the form of a longer prison sentence caused by forfeiture of good-time credits:

> It is true that the Constitution itself does not guarantee good-time credit for satisfactory behavior while in prison. But here the State itself has not only provided a statutory right to good time but also specifies that it is to be forfeited only for serious misbehavior. Nebraska may have the authority to create, or not, a right to a shortened prison sentence through the accumulation of credits for good behavior, and it is true that the Due Process Clause does not require a hearing "in every conceivable case of government impairment of private interest." But the State having created the right to good time and itself recognizing that its deprivation is a sanction authorized for major misconduct, the prisoner's interest has real substance and is sufficiently embraced within Fourteenth Amendment "liberty" to entitle him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated.

*Wolff*, 418 U.S. at 557 (citations omitted).

Petitioner does not allege that his major misconduct convictions resulted in any loss of good-time credits, nor could he. The Sixth Circuit has examined Michigan statutory law, as it relates to the creation and forfeiture of disciplinary credits[3] for prisoners convicted of crimes

---

[3] For crimes committed after April 1, 1987, Michigan prisoners earn "disciplinary credits" under a statute that abolished the former good-time system. MICH. COMP. LAWS § 800.33(5).

occurring after April 1, 1987. In *Thomas v. Eby*, 481 F.3d 434 (6th Cir. 2007), the court determined that loss of disciplinary credits does not necessarily affect the duration of a prisoner's sentence. Rather, it merely affects parole eligibility, which remains discretionary with the parole board. *Id.* at 440. Building on this ruling, in *Nali v. Ekman*, 355 F. App'x 909 (6th Cir. 2009), the court held that a misconduct citation in the Michigan prison system does not affect a prisoner's constitutionally protected liberty interests, because it does not necessarily affect the length of confinement. 355 F. App'x at 912; *accord Taylor v. Lantagne*, 418 F. App'x 408, 412 (6th Cir. 2011); *Wilson v. Rapelje*, No. 09-13030, 2010 WL 5491196, at *4 (E.D. Mich. Nov. 24, 2010) (Report & Recommendation) (holding that "plaintiff's disciplinary hearing and major misconduct sanction does not implicate the Fourteenth Amendment Due Process Clause"), *adopted as judgment of court*, 2011 WL 5491196 (Jan. 4, 2011). In the absence of a demonstrated liberty interest, Petitioner has no due-process claim based on the loss of disciplinary credits. *See Bell v. Anderson*, 301 F. App'x 459, 461-62 (6th Cir. 2008).

Even in the absence of a protectible liberty interest in disciplinary credits, a prisoner may be able to raise a due-process challenge to prison misconduct convictions that result in a significant, atypical deprivation. *See Sandin v. Connor*, 515 U.S. 472 (1995). Petitioner contends that his designation as a "sexual predator" and the increase in security level from Level II to Level V are sufficient to give rise to a protectible liberty interest. However, Petitioner's argument was squarely rejected by this Court in his civil rights action. Likewise, in its opinion affirming this Court, the Sixth Circuit stated:

> [T]he Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner. *Sandin v. Conner*, 515 U.S. 472, 478, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995). Although certain forms of discipline, such as the stripping of good time credits, may implicate a liberty interest, *Wolff*, 418 U.S. at 558, 94 S. Ct. 2963, other forms of discipline must

> rise to the level of an "atypical, significant deprivation" in order to create a liberty interest. *Sandin*, 515 U.S. at 484, 115 S. Ct. 2293. Although the indefinite confinement of a prisoner to administrative segregation, *see Harden–Bey v. Rutter*, 524 F.3d 789, 792 (6th Cir. 2008), or the transfer to a type of maximum security facility with virtually no sensory or environmental stimuli, *see Wilkinson v. Austin*, 545 U.S. 209, 223, 125 S. Ct. 2384, 162 L. Ed. 2d 174 (2005), can create a liberty interest due to its "atypical, significant deprivation," a simple transfer, issuance of a major misconduct ticket, and a higher security classification does not trigger a liberty interest. *See, e.g., Meachum v. Fano*, 427 U.S. 215, 225, 96 S. Ct. 2532, 49 L. Ed. 2d 451 (1976); *Nali v. Ekman*, 355 Fed. Appx. 909, 912 (6th Cir. 2009); *Thompson v. Mich. Dept. of Corrs.*, 25 Fed. Appx. 357, 358 (6th Cir. 2002). Without a demonstrated liberty interest or an atypical, significant deprivation, Guile's due process claim fails.

*Guile v. Ball*, 521 F. App'x 542, 544 (6th Cir. 2013).

In this case, Petitioner was transferred from a security Level II facility to a Level V facility. In *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91(6th Cir. 1995), the Sixth Circuit applied the *Sandin* test to the claim of a Michigan inmate that the mandatory language of the MDOC's regulations created a liberty interest that he receive notice and a hearing before being placed in administrative segregation. The court held that regardless of the mandatory language of the prison regulations, the inmate did not have a liberty interest because his placement in administrative segregation did not constitute an atypical and significant hardship within the context of his prison life. *Id*; *see also Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997). Because Level V is less restrictive than segregation, Petitioner cannot show that the conditions of his confinement result in a significant, atypical deprivation. Moreover, the Sixth Circuit has specifically held that a prisoner does not have a liberty interest arising from designation as a sexual predator. *See Washington v. Wiest*, No. 97–1289, 1998 WL 466555, at *2 (6th Cir. July 31, 1998); *O'Quinn v. Brown*, No. 92–2183, 1993 WL 80292, at *1 (6th Cir. Mar. 22, 1993). Because Petitioner's misconduct conviction fails to implicate a liberty interest, his due-process claim must fail.

Petitioner's action also is subject to dismissal for lack of jurisdiction because he was not "in custody" pursuant to his misconduct conviction at the time he filed his petition. "The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3)); *see also* 28 U.S.C. § 2254(a). This requires "that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng*, 490 U.S. at 490; *see also Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). Here, Petitioner challenges his disciplinary "conviction." That conviction resulted in a penalty of 30 days of detention, which was completed well prior to the filing of Petitioner's habeas application. Thus, he was not "in custody" on that conviction at the time the habeas petition was filed. Moreover, as discussed above, Petitioner did not lose good-time credits and the other adverse consequences of the conviction do not give rise to a protected liberty interest. Because Petitioner was no longer suffering the sanction imposed as a result of the disciplinary conviction at the time he filed his petition, he was no longer "in custody" for purposes of habeas corpus review. *See Hughes v. Birkett*, 173 F. App'x 448, 450-51 (6th Cir. 2006).[4]

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

---

[4]Petitioner's action also appears to be barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). *See Fuller v. Bergh*, No. 2:05-cv-122, 2005 WL 2465595, at *2 (W.D. Mich. May 27, 2005) (applying the one-year statute of limitations to dismiss a habeas petition challenging a prison misconduct conviction).

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists

would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated:   September 11, 2014              /s/ Janet T. Neff
                                         Janet T. Neff
                                         United States District Judge